FRED O. GLENN v. J. J. ROUNTREE.

195 So. 573
Division A
Opinion Filed April 5, 1940
Rehearing Denied May 7, 1940

*Don Oliver,* for Appellant;

*Howell & McCollum,* for Appellee.

THOMAS, J.—The record in this case is composed of the transcript and brief of counsel for the appellant.

The brief is devoted mainly to a discussion of the merits of a controversy between J. J. Rountree and Agnes Schallenberg, growing out of a contract for sale of certain property by the former to the latter. Among the obligations of the purchaser, who took possession of the property upon execution of the contract, was one to pay taxes as they fell due.

After failure by the vendee to pay the deferred installments of the purchase price she purchased a tax deed and the vendor sought by the suit to set aside this tax deed as a cloud upon his title and to gain possession of the property. Upon final hearing the relief was granted and subsequently in a petition for a writ of assistance it was represented that one Fred O. Glenn had refused to deliver possession to the complainant. This is the first appearance of this name in the record and we are unable to determine his status or his interest in the property.

Although Glenn was not a party to the suit, it was he who filed notice of appeal from the writ of assistance issued against him and the defendant and it is he who appears as appellant here.

As we have said, the questions presented in the brief and in appellant's argument, involve principally the merits of the dispute between the complainant, J. J. Rountree, and the defendant, Agnes Schallenberg, who did not appeal. We are not advised how Glenn can prosecute an appeal here when he was a total stranger to the suit in the equity court

and the record is devoid of any information that he had an interest in the original controversy.

In what he denominated a "return to writ of assistance petition," Glenn did not intimate what right he had in the property, offered no affirmative information and, besides questioning the court's jurisdiction, raised but one issue by denying the allegations that possession had been demanded of him and refused.

In the writ subsequently issued the court recited that he had allowed the parties, the defendant and Glenn, until a certain day to answer and that they had failed to do so.

Assuming that he had the right to appeal, that part of the transcript recording the issuance of the writ and the hearing thereon, as we have analyzed it, is so meager in details that we cannot say error was committed.

In this state of the case we are constrained to hold that the decree should be—

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.